**ZENG JIAN ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–1019.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Steele, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Zeng Jian Zheng, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Phillip Morace's denial of his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Here, substantial evidence supports the IJ's adverse credibility determination. Zheng was inconsistent during his testimony about when he practiced Falun Gong, and when the authorities came to his home to warn him not to practice the technique. Zheng's inconsistent testimony about when and whether he practiced Falun Gong on the days of and the days following his warnings by the police concern the heart of his claim, and a reasonable adjudicator would not be compelled to find contrary to what the IJ found. The adverse credibility finding is further supported by Zheng's

prior inconsistent statements at his airport interview (he said he came to the United States because his family was poor, and he did not mention Falun Gong) and at his credible fear interview (which referenced his parents' prior practice of Falun Gong but did not mention his own).

Accordingly, Zheng's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).